NIHAT DENIZ BAYRAMOGLU, ESQ. (Nevada. Bar No. 14030)
Deniz@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road Suite 100
Henderson Nevada 89014
Telephone:  702.462.5973
Facsimile:   702.553.3404
*Attorney for Plaintiff Wayne House.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| WAYNE HOUSE, an Individual. | Case No.: 18-CV-02290 |
| Plaintiff, | **COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION** |
| vs. | |
| WAYNE USA CO. LTD. a Chinese corporation XIONGJUN YAN, a Chinese Resident YANG BO DUAN  a.k.a. ARON DUAN, a Chinese resident WAYNE & KEN, LLC, a New York Limited Liability Company | |
| Defendants. | |

COMES NOW, the Plaintiff WAYNE HOUSE by and through their attorney of record, Nihat Deniz Bayramoglu of the Bayramoglu Law Offices, LLC., appears and states by way of Complaint, the following:

## NATURE OF THE CASE

This is an action for Libel, Violation of the Right of Publicity Under N.R.S. 597.770 et. seq. and N.R.S 598.980 et. seq.), Intentional Interference with Prospective Economic Advantage, False Advertising and Deceptive Trade Practices, Alter Ego Theory, and Civil Conspiracy. Plaintiff seeks actual damages, an award of attorney's fees and costs, injunctive relief, and any other relief that the Court deems just and proper.

## PARTIES JURISDICTION AND VENUE

1. Plaintiff, WAYNE HOUSE is an individual with an address of 7223 Penny Lane Flagstaff Arizona 86001 conducting business at the same address.

2. On information and belief Defendant WAYNE USA Co. Ltd. (hereinafter referred to as "WAYNEUS CHINA") is believed to be a Chinese corporation conducting business in the State of Nevada and the United States with an address of Room 326/332, Building A, Zhihui Innovative Center, Qianjin 2nd Road, Bao'an District Shenzhen, People's Republic of China organized and existing under the laws of the People's Republic of China with its principal place of business in Shenzhen China.

3. On information and belief Defendant XIONGJUN YAN (hereinafter referred to as "YAN") is believed to be an individual of Chinese citizenship, residing in the People's Republic of China, conducting business in the State of Nevada and the United States with an address of Room 326/332, Building A, Zhihui Innovative Center, Qianjin 2nd Road, Bao'an District Shenzhen, People's Republic of China.

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION

4. On information and belief YANG BO DUAN A.K.A. ARON DUAN, (hereinafter referred to as "DUAN") is believed to be an individual of Chinese citizenship, residing in the People's Republic of China, conducting business in the State of Nevada and the United States with an address of Room 326/332, Building A, Zhihui Innovative Center, Qianjin 2nd Road, Bao'an District Shenzhen, People's Republic of China.

5. On information and Belief WAYNE & KEN, LLC (hereinafter referred to as "WAYNEUS NY") is believed to be a limited liability company in New York conducting business in the State of Nevada and the United States with an address of 81 70 St. Brooklyn New York 11209 organized and existing under the laws of the State of New York with its principal place of business in Brooklyn, New York. ("WAYNEUS CHINA and WAYNEUS NY" Hereinafter referred to as the "WAYNEUS ENTITIES")

6. This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through 28 U.S.C. § 1332 and meets requirements including complete diversity of citizenship and an amount in controversy in excess of $75,000.

7. Venue is proper in this action under 28 U.S.C. § 1391, due to a substantial part of the events or omissions taking place in this District, and because the Defendants are subject to personal jurisdiction in this District.

**BACKGROUND FACTS**

8. Plaintiff WAYNE HOUSE is a registered patent agent based in Flagstaff Arizona that offers patent prosecution services to clients both internationally and domestically. WAYNE HOUSE is registered as an agent at the United

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION

States Patent and Trademark Office (Hereinafter "USPTO") and has been a registered patent agent since April 15, 1991 with registration number 34,623. WAYNE HOUSE has not been admitted to any bar and is not an attorney. Additionally, WAYNE HOUSE is the only person listed in USPTO practitioner list with the last name "House".

9. DUAN is believed to be a minor partner or principle of the WAYNEUS ENTITIES. On information and Belief DUAN is primarily responsible for the advertising and soliciting of business from Chinese and US companies to file Patent and Trademark applications in both the United States and abroad. DUAN's efforts are for the benefit of the WAYNEUS ENTITIES and himself.

10. YAN is believed to be the main partner or principle of the WAYNEUS ENTITIES, there are a number of other Chinese employees or partners that work for WAYNEUS CHINA but they do not have a majority control of the company. On information and belief, WAYNEUS NY has no US employees other than a Chinese American Lawyer Named Tony Hom.  YAN is believed to be the main partner with a controlling ownership interest in WAYNEUS CHINA and WAYNEUS NY.

11. DUAN and YAN have engaged in a number of unethical and unlawful activities to promote the interests of WAYNEUS CHINA and WAYNEUS NY. By way of example, Defendant WAYNEUS CHINA's website and advertising materials currently features or has previously featured profiles of foreign associates that are purportedly associated with WAYNEUS ENTITIES to give the WAYNEUS ENTITIES an air of credibility. However, these bios for the associates are entirely fabricated. The bios in one instance state that a

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION

patent practitioner has decades of experience as a litigator litigating patent cases in the United States when in fact the person listed is not an attorney.

12. Among these falsified biographies is the attach biography of Plaintiff WAYNE HOUSE (EXHIBIT 1 and EXHIBIT 4). As stated above, Plaintiff WAYNE HOUSE does not have a law license and is only a patent agent at the USPTO. The picture on the WAYNEUS ENTITIES' website and marketing material is of someone other than the WAYNE HOUSE, however the marketing materials use WAYNE HOUSE's name and USPTO registration number on the website and in brochures. The biography then goes on to list a number of incorrect, misleading and fraudulent statements including, the school/educational information background of WAYNE HOUSE. Everything beyond WAYNE HOUSE's name and registration number is fabricated, and an outright lie regarding "in-house IP counsel for NCR Corporation from 1995-2003" and "in 2003 joined... [WAYNEUS NY]".

13. WAYNE HOUSE has never heard of or worked for the WAYNEUS ENTITIES. In essence, The DEFENDANTS are holding themselves out as lawyers in a firm with a plethora of experienced foreign associates and employees when in fact they have none, and are entirely fabricating the bios of fake people on their website. It seems the only connection to reality that the bios on the WAYNEUS ENTITIES' advertising have is that the names were actually pulled from the USPTO's database of patent practitioners with corresponding USPTO registration numbers.

14. On Information and belief, there are no US nor Non-Chinese national employees of WAYNEUS CHINA. And the only Employee of WAYNEUS NY is a Chinese American Lawyer named Tony Hom. All others listed on the

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION

Defendants' advertising materials as "associates" such as Andreas Winkle (Exhibit 2) are also believed to be fabricated biographies used without the consent of those named.

15. Mr. DUAN further fraudulently holds himself out as a Patent Attorney even though on information and belief he has never been admitted to practice law in any jurisdiction nor admitted to practice before any patent office in any jurisdiction.

16. The unethical, illegal, fraudulent activity of the Defendants is a pattern. Not only are the Defendants fabricating biographies, misrepresenting themselves as lawyers when they are not, they are also outright forging and using doctored USPTO registration certificates in their advertising. (Exhibit 3). The attached certificate of Wayne Liauh purports to show a signature from 1990, but bears the signature of James Rogan, director of the USPTO from 2001 to 2004, when the certificate should bear the signature of Harry F. Manbeck Jr. It is clear as well from the spacing of the date of the Wayne Liauh "certificate" that the date has been altered. Overall it is rather clear that by using the Lisa H. Wang certificate as a template a second certificate for W. Wayne Liauh was merely photoshopped.

17. On information and belief, W. Wayne Liauh USPTO registration number 34,212 is not associated with the Defendants. The Defendants are using the name of any "Wayne" they can find to give credibility to their fraudulent organizations.

18. Last year, attorneys for Plaintiff (i.e. Bayramoglu Law Offices LLC) informed the Defendants that the Defendants were unlawfully using the names of third parties not affiliated with the Defendants. The Defendants' willful and wanton

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION

actions are particularly nefarious that should render this case an exceptional case warranting additional damages as well as fees and costs to be awarded to the Plaintiff.

## CAUSES OF ACTION

### First Cause of Action
### (LIBEL)

19. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

20. Plaintiff WAYNE HOUSE has worked as a patent agent since at least as early as 1990. WAYNE HOUSE has resided in Flagstaff since at least as early April 15, 1991. At all times, WAYNE HOUSE has enjoyed a good reputation, both generally and in the patent sector.

21. On information and belief, at all times mentioned in this complaint, defendant DUAN was the agent and employee of his codefendants and in doing the things alleged in this complaint were acting within the course and scope of such agency and employment.

22. Since at least January 20, 2017 Defendants have made written statements on their advertising and websites geared towards the public, and more relevantly, geared towards clients such as US and Chinese corporations and Chinese law firms seeking assistance to file patents in the United States.

23. These statements were largely related to the knowledge of WAYNE HOUSE and his ethicalness, in part, injuring the professionalism and knowledge of WAYNE HOUSE and implying that WAYNE HOUSE was conducting the

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION

unauthorized practice of law.

24. More specifically, DUAN, YAN, and the WAYNEUS ENTITIES stated through their printed advertising material that WAYNE HOUSE was an attorney and involved in patent litigation in the US and Europe implying that WAYNE HOUSE was breaking the law and committing the Unauthorized Practice of Law in multiple jurisdictions

25. The statement referred WAYNE HOUSE was understood by those reading the messages to be about WAYNE HOUSE as the Plaintiff was identified by name and registration number at the USPTO. The entire statement is false as it pertains to the Plaintiff WAYNE HOUSE.

26. The statements were made to third parties that are members of the general public, and more specifically that are colleagues and/or potential clients of WAYNE HOUSE in China and worldwide.

27. The statement made by Defendants on the website and in advertising is libelous on its face. It clearly exposes Plaintiff to contempt because the statements outright lies regarding the work history and the professionalism of the Plaintiff.

28. As a proximate result of the above described publication, plaintiff WAYNE HOUSE has suffered loss of its reputation, shame, mortification, and injury to its business. Plaintiff has been damaged in an amount of at least $100,000.00 or other amount as to be established by proof at trial.

29. The above described publication was not privileged because it was published by Defendants with malice, hatred and ill will toward Plaintiff and the desire to Fraudulently benefit from the Plaintiff.

30. Because of Defendants' malice in publishing these remarks, Plaintiff seeks

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION

punitive damages for treble damages in an amount $300,000.00 or other amount as to be established by proof at trial.

## Second Cause of Action

## (Violation of the Right of Publicity Under N.R.S. 597.770 et. seq. and N.R.S 598.980 et. seq.)

31. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

32. Plaintiff owns the Rights of Publicity to among other things: Plaintiff's own name, USPTO registration number, and likeness.

33. Defendants have made commercial use of the Plaintiff's Rights of Publicity without Plaintiff's written consent. As the direct and proximate result of Defendant's deceptive conduct, Plaintiff has suffered, and will continue to suffer, monetary and irreparable injury to its business, reputation and goodwill.

34. Plaintiff is entitled to injunctive relief, actual damages, and because Defendants knowingly made use of the Plaintiff's Rights of Publicity without written consent, Plaintiff is entitled to exemplary or punitive damages.

## Third Cause of Action

## (Intentional Interference with Prospective Economic Advantage)

35. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

36. Defendants know that Plaintiff is in the business of selling patent prosecution services and that Plaintiff promotes its business through the internet, messenger apps, tradeshows, and/or in industry publication

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION

37. Defendants committed acts intended or designed to disrupt Plaintiff's prospective economic advantage by advertising and selling Defendant's fake services over the Internet, messenger apps, tradeshows, and in industry publications.

38. Defendants' actions have disrupted or are intended to disrupt Plaintiffs business by diverting Plaintiff's potential and actual customers away from Plaintiff's services.

39. Defendants have no legal right, privilege or justification for their conduct.

40. As the direct and proximate cause of Defendant's actions, Plaintiffs have suffered damages in an amount to be determined at trial

41. Based on the intentional, willful, fraudulent and malicious nature of Defendants' actions, Plaintiff is entitled to recover exemplary damages and reasonable attorneys' fees and costs incurred in connection with this action

**Fourth Cause of Action**

**(False Advertising and Deceptive Trade Practices – Nevada Revised Statue §598 et seq.)**

42. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

43. Defendants have made false statements about Defendants' services on Defendants' website.

44. Defendants have made false statements about Defendants' goods and services to third parties.

45. In the course of conducting its business, Defendants knowingly made false representations as to affiliation, connection and/or association with U.S. and

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION

foreign attorneys or patent agents.

46. Upon information and belief, Defendants have profited from these false statements and misrepresentations.

47. As a direct and proximate result of Defendant's false statements, Plaintiff has suffered and will continue to suffer monetary damages and irreparable injury to its business, reputation, and goodwill.

## Fifth Cause of Action
### (Alter Ego Theory NRS § 78.747)

48. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

49. On information and belief, Defendants YAN and DUAN used the assets of the WAYNEUS ENTITIES for his personal use and caused the assets of the WAYNEUS ENTITIES to be transferred to them without adequate consideration, and has withdrawn funds from the bank accounts of the WAYNEUS ENTITIES for YAN's and DUAN's own personal use.

50. On information and belief Defendants YAN and DUAN have used the WAYNEUS ENTITIES as a mere shell, instrumentality, and/or conduit from which said Defendants have carried on their business as if the main corporate defendant did not exist, to such an extent that any individuality or separateness of the named Defendants no longer exists, and that the activities of the WAYNEUS ENTITUES were carried out without the required holding of directors' or shareholders meetings and no records or minutes of any corporate proceedings were maintained.

51. On information and belief, the WAYNEUS ENTITIES are underfunded, under

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION

capitalized, and would be unable to satisfy a judgment.

52. As a result of Defendant YAN's and DUAN's actions an inequitable result would occur if Defendant WAYNEUS' actions were treated as those of the corporation alone.

## Sixth Cause of Action

(Civil Conspiracy)

53. Plaintiff incorporates by reference the preceding allegations as if fully set forth herein.

54. On information and belief, on or around autumn and winter of 2016 Defendants YAN, DUAN and the WAYNEUS ENTITIES knowingly and willfully conspired and agreed among themselves to commit the fraud and illegal actions plead herein against Plaintiff.

55. Defendants did those acts and things alleged pursuant to, and in furtherance of, the conspiracy and the above-alleged agreement.

56. Defendants furthered the conspiracy by participation with and/or lent aid and encouragement to or ratified and adopted the acts of the WAYNEUS ENTITIES and DUAN as alleged above.

57. As a proximate result of the wrongful acts herein alleged, Plaintiff has been generally and specially damaged as alleged above and according to proof.

58. Defendants' conduct constitutes civil conspiracy and is actionable under the laws of the State of Nevada.

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION

**WHEREFORE**, Plaintiff prays for judgment against each defendant in excess of $75,000 and prays that the Defendants, jointly and severally, as follows:

      1.     For compensatory damages in a sum according to proof at trial including general and special damages;

      2.     For interest and pre-judgment interest at the statutory rate until the amount of judgment is paid in full;

      3.     For attorney's fees and costs of suit herein;

      4.     Injunctive relief to prevent further harm;

      5.     And all other relief that the Court deems just and proper.

### Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

Dated this 30th day of November, 2018

### BAYRAMOGLU LAW OFFICES LLC.

By:    */s/ Nihat Deniz Bayramoglu*
NIHAT DENIZ BAYRAMOGLU, ESQ.
(Nevada. Bar No. 14030)
Deniz@bayramoglu-legal.com
1540 West Warm Springs Road Suite 100
Henderson, Nevada 89014
*Attorney for Plaintiff Wayne House*

COMPLAINT FOR MONETARY DAMAGES AND INJUNCTION