UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WAYNE HOUSE,<br><br>　　　　　　　Plaintiff(s),<br><br>　v.<br><br>WAYNE USA CO. LTD, et al.,<br><br>　　　　　　　Defendant(s). | Case No. 2:18-CV-2290 JCM (NJK)<br><br>ORDER |

　　　Presently before the court is plaintiff Wayne House's motion to transfer venue. (ECF No. 18). Defendant Wayne & Ken, LLC ("W&K") filed a non-opposition response. (ECF No. 19).

　　　House is a registered patent agent who resides and works from Flagstaff, Arizona. (ECF No. 7). House alleges that defendants Wayne USA Co. LTD ("WayneUSA"); Xiongjun Yan; Yang Bai Duan; and W&K (collectively "defendants") used a website and advertising material with fictitious associates bearing House's name and patent registration number. *Id*. According to the amended complaint, WayneUSA is a Chinese corporation, Yan and Duan are a Chinese citizens, and W&K is a New York limited liability company. *Id*.

　　　On November 30, 2018, House initiated this action, asserting multiple intentional torts against defendants. (ECF Nos. 1, 7). On January 4, 2019, the court issued an order to show cause as to why this action should not be transferred to another forum. (ECF No. 11).

　　　On January 18, 2019, House filed a motion and response to the order to show cause, stating that the court should transfer venue to the United States District Court, Eastern District of New York. (ECF No. 18). Six days later, W&K filed a non-opposition to House's motion. (ECF No. 19).

**James C. Mahan**
**U.S. District Judge**

28 U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The purpose of the statute is to prevent the waste of "time, energy, and money" and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . ." *Ferens v. John Deere Co.*, 494 U.S. 516, 525, 531 (1990) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26–27 (1960) (quotations omitted).

Motions to transfer venue are considered on "an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quotation omitted). The statute requires the court to find (1) that the district to which defendants seek to have the action transferred is one in which the action "might have been brought" or to any district to which "all parties have consented" and (2) that the transfer be "[f]or the convenience of parties and witnesses, and in the interest of justice." 28 U.S.C. § 1404(a). The burden is on the moving party. *Commodity Future Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

The parties have consented to transferring this action to the Eastern District of New York. (ECF Nos 18, 19). Therefore, the court proceeds to determine whether transfer would be convenient and in the interest of justice by considering the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance to unwilling non-party witnesses, and (8) the ease of access to source of proof.

*Jones*, 211 F.3d at 498–99 (9th Cir. 2000) (citations omitted).

After considering the relevant factors, the court finds that convenience and the interests of justice favors transfer of venue. The record indicates that the parties have relatively little contacts to Nevada. House resides in Arizona, W&K is a New York limited liabilities company,

James C. Mahan
U.S. District Judge

- 2 -

and the remaining defendants reside in China. (ECF No. 7). House's minimal contacts with this forum, along with his motion to transfer venue, nullify any deference to House's initial choice of forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) (holding that plaintiff's choice is given little deference when the forum is not his residence).

The court notes that House asserts Nevada law claims. (ECF No. 7). However, these claims raise standard issues that the Eastern District of New York can easily adjudicate. *See Williams v. Lincoln Nat. Life. Ins. Co.*, 121 F. Supp. 3d 1025 (D. Or. 2015) (holding that a forum's familiarity with governing law is a neutral factor because plaintiffs asserted standard state law issues). Lastly, because the parties have stronger ties to New York, litigating in the Eastern District of New York will ease access to evidence, cost less, and be more convenient for the parties and witnesses.

In consideration of the foregoing, convenience and the interest of justice favor granting House's motion. The court will transfer this action to the Eastern District of New York.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that House's motion to transfer venue (ECF No. 18) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the matter of *House v. Wayne USA Co., LTD. et al.*, case number 2:18-cv-2290-JCM-NJK, be, and the same hereby is, TRANFERRED to the United States District Court, Eastern District of New York.

DATED May 1, 2019.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**