```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
WAYNE HOUSE,

                          Plaintiff,                              ORDER

             -against-                                            19 Civ. 2674 (WFK) (VMS)

WAYNE USA CO., LTD., XIONGJUN YAN,
WAYNE & KEN, LLC, and WAYNE IP LLC,

                          Defendants.
------------------------------------------------------------- x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Plaintiff Wayne House ("Plaintiff") obtained a default judgment in this action against Defendants Wayne USA Co. Ltd.; Xiongjun Yan; Wayne Wayne & Ken, LLC; and Wayne IP, LLC (collectively, "Defendants") in the amounts of $300,000.00 for Plaintiff's claim for libel, $300,000.00 for Plaintiff's claim of violation of the right to publicity, $1,041.250.00 for Plaintiff's claim for false endorsement, $10,000 for Plaintiff's claim for false advertising and deceptive trade practices, and $96,701.50 for attorneys' fees, totaling $1,747,951.50.  See generally ECF No. 173.  Plaintiff also obtained a default judgment against Defendants in the form of a permanent injunction requiring "the removal of any and all unauthorized use of Plaintiff[']s identity from websites and advertising material under Defendants' control" and requiring Defendants to "permanently cease and desist from using Plaintiff's identity in any future advertising or other commercial use without prior express written consent of Plaintiff." Id. at 1-2.

In order to advance his judgment collection efforts, Plaintiff served subpoenas duces tecum[1] and ad testificandum on non-parties Tony C. Hom ("Mr. Hom") and Qianqian Wu ("Ms. Wu" and, collectively with Mr. Hom, the "Non-Parties"). See generally ECF Nos. 183-1 & 183-2. Mr. Hom "was formerly litigation counsel for [Defendant] Wayne & Ken[,] LLC, and had been a patent attorney for it as well." ECF No. 183 at 2. Ms. Wu was "a sole practitioner patent agent who . . . helped [Mr. Hom] . . . in filing patent applications." Id. (footnote omitted). The subpoena to Mr. Hom listed the place of compliance as "Meeting Link: https://planetdepos/zoom.us/j/98768500560" and contained other pertinent access information. See ECF No. 183-1 at 1. The subpoena to Mr. Wu also listed the place of compliance as "Meeting Link: https://planetdepos/zoom.us/j.96128656237" and contained other pertinent access information. See ECF No. 183-2 at 1.

Presently before the Court is the Non-Parties' motion to quash the subpoenas. See generally ECF Nos. 183-183-3. Plaintiff opposed. See generally ECF Nos. 184-184-4. The Non-Parties replied. See generally ECF Nos. 185-185-4.

Pursuant to Federal Rule of Civil Procedure 45, every subpoena must, inter alia, "command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). A non-party may move to quash or modify a subpoena in "the court for the district where compliance is required," Fed R. Civ. P. 45(d)(3)(A); Fed. R. Civ. P. 45(d)(3)(B), which motion must be granted if the subpoena "(i) fails to allow a reasonable time

---

[1] The Court notes that, although the subpoena issued to Ms. Wu was accompanied by an attachment containing document requests, the subpoena form indicated that the subpoena only sought testimony and not a document production. See generally ECF No. 183-2.

2

to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden," Fed. R. Civ. P. 45(d)(3)(A). Federal Rule of Civil Procedure 45(c) requires, as to both depositions of non-parties and productions of documents, electronically stored information, or tangible things, that the place of compliance be "within 100 miles of where the person resides, is employed, or regularly transacts business in person," Fed. R. Civ. P. 45(c)(1)(A); Fed. R. Civ. P. 45(c)(2)(A).

Subpoenas that fail to list a physical place of compliance, which include subpoenas that list videoconferencing technology as the place of compliance for a deposition or that list an email address as the place of compliance for a document production, fail to comply with Federal Rule of Civil Procedure 45(a)(1)(A)(iii) and are facially void. See Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc., No. 21 Civ. 1197 (W) (MDD), 2022 WL 2820667, at *1, *7-8 (S.D. Cal. July 18, 2022) (considering the plaintiff's motion for an order to show cause as to why the subpoenaed non-party should not be held in contempt for failure to comply with a subpoena ad testificandum; noting that the subpoena listed the place of compliance for the deposition as "VIA ZOOM VIDEO CONFERENCING: Link to be provided at a later date"; reasoning that "[a] valid subpoena must list a specific place of compliance, pursuant to Rule 45(a)(1)(A)(iii)," which must "be a physical place subject to geographical limits and capable of being measured according to mileage," the importance of which "is borne out in this case, where the absence of such details renders the resolution difficult at best, and simply not possible here"; holding that "[a] ZOOM VIDEO CONFERENCE . . . is not a place"; and rejecting the plaintiff's argument that "there is no requirement to appear physically when a deposition occurs virtually," as, "absent agreement between the parties, a deposition may be conducted remotely only by court order" (citations,

3

quotations & footnote omitted)); <u>Frobe v. UPMC St. Margaret</u>, No. 2:20 Civ. 957 (CRE), 2021 WL 9628848, at *1 (W.D.Pa. July 13, 2021) (considering the plaintiffs' motion to compel the non-party's compliance with a subpoena <u>ad</u> <u>testificandum</u> and the non-party's motion to quash the subpoena; noting that the subpoena listed the place of compliance for the deposition as "Zoom Videoconferencing"; and concluding that "Zoom Videoconferencing is not a place" but rather "is a method of taking the deposition," such that the plaintiffs were required "to modify the subpoena to have the place of the deposition changed so it is taken at a location within 100 miles of [the non-party's] . . . home or place of employment" (citations, quotations & footnote omitted)); <u>CSS, Inc. v. Herrington</u>, 354 F. Supp. 3d 702, 704-05, 710-11 (N.D. Tex. 2017) (considering the plaintiff's motion to quash non-party subpoenas <u>duces</u> <u>tecum</u> and for a protective order, in which the non-parties joined; noting that the subpoenas required the non-parties to produce documents "to Stephen D. Annand, Esq./E-mail: sda@ramlaw.com c/o Mark E. Golman, Strasburger Attorneys at Law[,] 901 Main Street, Suite 6000, Dallax, TX 75202"; concluding that "an email address does not qualify as a location or place where compliance is required under Rule 45, although the subpoenaing party and the subpoenaed person could agree to production by electronic means"; and holding that the place of compliance was the physical address listed on the subpoenas (citations & quotations omitted)).

  A subpoena's absence of a geographic location for compliance is implicitly the same problem presented in Federal Rule of Civil Procedure 45(d)(3)(A)(ii), in that the deposition or production is proposed to be in an impermissible location, here – an unidentified location. <u>Cf.</u> <u>Herrington</u>, 354 F. Supp. 3d at 710-11 (reasoning that "[i]t seems that, in such an instance [where a court is presented with a subpoena that is facially void for failure to list a place of compliance as required by Federal Rule of Civil Procedure 45(a)(1)(A)(iii)], a court faced with a Rule . . .

4

45(d)(3) motion could take appropriate action on the motion based on the understanding that the subpoena is simply not a valid and enforceable subpoena" (citation omitted)).

Here, Plaintiff's subpoenas to the Non-Parties do not list a place of compliance in accordance with Federal Rule of Civil Procedure 45(a)(1)(A)(iii), but rather only provide videoconferencing access information, and are therefore facially void in relation to the subpoenaed testimony and productions.  The Court agrees with the reasoning of the above-cited cases, particularly Fed. Ins. Co., 2022 WL 2820667, and concludes that the lack of a place of compliance is effectively a violation under Federal Rule of Civil Procedure 45(d)(3)(A)(ii).[2] Further, as to the former, depositions may only be conducted by remote means if "[t]he parties . . . stipulate -- or the court . . . on motion order[s] -- that a deposition be taken by telephone or other remote means," Fed. R. Civ. P. 30(b)(4), neither of which has occurred here.  As to the latter, although the Court is aware of the capability to display exhibits through remote videoconferencing platforms for depositions, the Court is unaware of how a document production would occur using such technology without an agreement.

The Court grants the Non-Parties' motion to quash.  Plaintiff may re-issue subpoenas to the Non-Parties in compliance with this Order.  If he does so, Plaintiff and the Non-Parties are encouraged to reach a voluntary resolution as to any related disputes that enables Plaintiff to advance his judgment collection efforts, respects any applicable privileges raised by the Non-Parties, and minimizes the burden and expense of any related motion practice.

---

[2] Plaintiff's failure to include a geographical location for the deposition and production presents the additional challenge of identifying the District that has jurisdiction over the motion.  As the only Court identified on the subpoena was the Eastern District of New York, the Court accepts jurisdiction of the motion to quash.

Plaintiff is to mail copies of this Order to Mr. Hom and Ms. Wu and is to file proof of service by October 7, 2024.

Dated: Brooklyn, New York
September 27, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge